IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MICHAEL JAY RAMAKER                                         PETITIONER

VS.                    CASE NO. 5:05CV00236 GH/HDY

LARRY NORRIS, Director of the
Arkansas Department of Correction                           RESPONDENT

PROPOSED FINDINGS AND RECOMMENDATIONS

INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge George Howard, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

     1.     Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

Now before the Court is the application for writ of habeas corpus pursuant to 28 U.S.C. §2254 of Michael Jay Ramaker, an inmate in the custody of the Arkansas Department of Correction (ADC) as a result of his 1999 conviction following a jury trial in Benton County Circuit Court on the charge of first degree murder. Petitioner was sentenced to thirty five years' imprisonment. A direct appeal of his conviction was unsuccessful. *Ramaker v. State*[1], 345 Ark. 225 (2001). In November of 2001, petitioner sought postconviction relief in state court pursuant

---

[1] The petitioner advanced four arguments on direct appeal: the trial court abused its discretion in allowing the shotgun to be delivered to the jury as evidence; the trial court erred when it allowed the prosecution to introduce a redacted statement that excluded references to the defendant's offer of taking a polygraph test because it substantially prejudiced the defense; the trial court abused its discretion in allowing prejudicial, inflammatory, and cumulative photographs of the victim into evidence; and the trial court erred in denying his motion for directed verdict.

to A.R.Cr.P. Rule 37. The trial court denied him relief on November 5, 2002, and the petitioner did not appeal. In September of 2003, Mr. Ramaker filed a state court habeas corpus action, and in November of 2003 he filed a petition for error coram nobis. Both the state habeas and the error coram nobis petitions were denied on January 20, 2004, and the Supreme Court of Arkansas affirmed the trial court on June 2, 2005. *Ramaker v. State*, No. CR 04-256, 2005 WL 1300858 (Ark. June 2, 2005) (unpublished, per curiam).

The petition now before the Court, filed on August 16, 2005, advances four claims for relief. It is difficult to determine the precise nature of the claims, as the petitioner references attachments to his petition rather than setting out the claims he is advancing. It may be that Mr. Ramaker is pressing all claims that he advanced in state court, both on direct appeal and in subsequent proceedings.

Respondent contends that the statute of limitations bars consideration of this petition. Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent contends that Mr. Ramaker should have filed his petition in July of 2005, and that the failure to do so is fatal to this action. Specifically, the respondent urges that ten months of the limitation period elapsed after November 5, 2002, when Mr. Ramaker's Rule 37 petition was denied, and before he filed his state habeas corpus petition in September of 2003. More than two additional months elapsed after the state habeas corpus petition was denied on June 2, 2005, and before the August 16, 2005 filing of this action.

  By previous Court Order the petitioner was notified of his opportunity to explain why the petition should not be dismissed as untimely. The petitioner has not responded to the Court's Order.

  The respondent offers the following calculation of the statute of limitation equation. Mr. Ramaker's direct appeal was denied on June 14, 2001. His petition for rehearing was denied on September 6, 2001. The conviction became final for statute of limitation purposes ninety days later, when the period during which Mr. Ramaker could have sought a petition for writ of certiorari. Before the conviction became final on December 5, 2001, petitioner, with the assistance of counsel, filed a Rule 37 petition with the trial court. This petition was denied on November 5, 2002, and petitioner did not appeal within the thirty days provided by state law. According to the respondent, the time during which the Rule 37 petition was pending, from November 5, 2001, through November 5, 2002, should be excluded for purposes of calculating

the limitation period. The respondent concedes that the time during which the petitioner was pursuing a state habeas corpus action, from September 16, 2003 through June 2, 2005, should be excluded. Thus, the respondent points to two periods of time during which the limitation period was running: the first period of ten months and eleven days began on December 5, 2002,[2] and ended on September 16, 2003, when the petitioner filed his state habeas corpus action; and the second period of two months and fourteen days began on June 2, 2005, when the Arkansas Supreme Court affirmed the denial of state habeas corpus relief, and ended on August 16, 2005, when the current petition was filed. According to the respondent, the petitioner missed filing a timely petition by approximately twenty-five days.

While we disagree with a portion of the calculations, we agree that the petitioner failed to file a timely petition. The second of the periods ends on August 16, 2005, with the filing of the federal habeas corpus petition, according to the respondent. Mr. Ramaker signed his petition on August 12, 2005. Since *pro se* petitions are deemed filed when tendered to prison authorities for delivery to the Court, it is fair to use August 12 rather than the actual filing date of August 16 for calculation purposes. *Houston v. Lack*, 487 U.S. 266, 273-276 (1988). Even with this four day adjustment, the petitioner failed to file a timely petition.

The only issue remaining is whether the one-year time period was somehow tolled. In *Calderon v. United States District Court for Central District of California*, 112 F.3d 386 (9th Cir. 1997), the Ninth Circuit Court of Appeals held that the limitation period may be equitably

---

[2] The respondent allowed thirty days following the denial of Rule 37 relief on November 5, 2002, prior to the running of the limitation period. This is consistent with *Williams v. Bruton*, 299 F.3d 981 (8th Cir. 2002) (limitation period did not begin to run until the sixty day period elapsed during which the petitioner could have filed an appeal).

tolled if "extraordinary circumstances" beyond a prisoner's control render it impossible for him to file a timely petition. *Id*. at 391. We find no circumstances to warrant the tolling of the time in this case.

In summary, we recommend that the petition for writ of habeas corpus be dismissed and the relief requested be denied due to the petitioner's failure to file his petition within the allotted time.

IT IS SO ORDERED this __3__ day of November, 2005.

_____
UNITED STATES MAGISTRATE JUDGE